IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL ANDREW NOLL,
    Plaintiff

v.   :   CIVIL NO. 4:CV-06-2328

:   (Judge Jones)

DOMINICK DEROSE, ET AL.,
    Defendants

## MEMORANDUM

July 2, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This *pro se* civil rights action was filed by Michael Andrew Noll ("Plaintiff"), an inmate presently confined at the Cumberland County Prison, Carlisle, Pennsylvania. Service of the complaint was previously ordered.

Named as Defendants are the following officials at Plaintiff's prior place of confinement, the Dauphin County Prison, Harrisburg, Pennsylvania: Warden Dominick DeRose; Deputy Warden Elizabeth Nichols; Education Supervisor Connie Orosz; Counselor Bonnie Taylor; and Deputy Warden Leonard K. Carroll. Plaintiff initially claims that the Defendants violated his constitutional right of access to the courts. Noll states between September 11, 2006 and the filing of this complaint he was only granted access to the prison's law library on four (4)

occasions. As a result, Plaintiff indicates that he was hindered from defending pending criminal charges in Dauphin, Cumberland and York Counties. Furthermore, Noll was given two (2) notices of defective filing with respect to a habeas corpus action he initiated before the Pennsylvania Supreme Court. His complaint adds that he was not provided with adequate legal forms, postage, and writing materials.

Plaintiff's second claim contends that Counselor Taylor subjected him to retaliation for engaging in free speech. On November 25, 2006, Defendant Taylor allegedly told Noll that he would be issued a written warning for being "argumentative" and "a jailhouse lawyer who thinks he is smarter than everybody else." Doc. 1, ¶ 2(a). Taylor also purportedly threatened the Plaintiff with removal from the prison's LASER program and reclassification to another housing unit. See id. According to the Plaintiff, this conduct was retaliatory because it occurred shortly after he had expressed dissatisfaction with the prison's law library and legal assistance program.

Noll next maintains that he was subjected to unconstitutional conditions of confinement, including 24 hour illumination of his cell, lack of ladders on the bunk beds, inadequate diet which caused him to lose 15-20 pounds, cockroach and mice infestation. The Plaintiff was also allegedly denied access to an attorney, not allowed to make bail phone calls, ordered to remove his contact

2

lenses and given an older inadequate pair of eyeglasses which caused him to suffer impaired vision and headaches. His final claim maintains that the water in the shower was scalding hot and that he slipped and fell in the prison's shower area due to slippery conditions caused by an improper ventilation and exhaust system. Noll seeks injunctive relief as well as monetary damages.

In response to the complaint, Defendants filed a motion to dismiss or in the alternative, for partial summary judgment. See doc. 13. Although this court previously granted Plaintiff's request for additional time in which to respond to the Defendants' pending dispositive motion, he has failed to file an opposing brief. Accordingly, the Defendants' motion will be deemed unopposed.

## DISCUSSION:

Defendants claim entitlement to an entry of dismissal on the grounds that: (1) Plaintiff failed to exhaust his available administrative remedies with respect to all of his present claims; (2) the assertions of verbal reprimand and retaliation do not rise to the level of a constitutional violation; (3) the access to the courts claims are insufficient because Noll has failed to establish any actual injury; (4) Plaintiff's unconstitutional conditions of confinement assertions fail to state claim upon which relief may be granted; and (5) Noll's claim of being provided with inadequate eyeglasses does not rise to the level of deliberate indifference.

As noted above, Defendants seek dismissal of the complaint partially on the

grounds that Plaintiff failed to exhaust available administrative remedies with respect to each of his present claims. 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

An inmate's failure to comply with the administrative exhaustion requirement constitutes an affirmative defense. See e.g., Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Jenkins v. Haubert, 179 F.3d 19, 29 (2d Cir. 1999); Robinson v. Dalton, 107 F.3d 1018,

4

1021 (3d Cir. 1997)(holding, in the context of a Title VII case, that failure to exhaust administrative remedies is an affirmative defense). Consequently, a prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Rather, it is the burden of a defendant asserting the defense to plead and prove it. Id.; Williams v. Runyon,130 F.3d 568, 573 (3d Cir. 1997); Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c).

In his complaint, Noll admits that the Dauphin County Prison has a prisoner grievance procedure and that he did not fully exhaust his available administrative remedies with respect to his present claims. See doc. 1, ¶ II(A) & (B). He generally indicates that he did not pursue administrative relief because inmate requests and grievances are "often ignored" and he faces "a clear and present danger, irreparable harm, and actual injury." Id. at (D). Noll notes that he did not receive responses to his last two (2) grievances.

Defendants argue that the Plaintiff's complaints abut the grievance system do not excuse him from compliance with the exhaustion requirement. See doc. 15, p. 4. They add that since Noll readily admits that there was a grievance procedure in place at the Dauphin County Prison and he failed to seek administrative relief, his present claims are procedurally deficient and cannot proceed.

Plaintiff does not set forth a compelling reason to excuse compliance with the exhaustion requirement. The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d cir. 2002) (citing Nyhuis, 204 F.3d at 75. A more recent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006).

In the present case, there are also no facts alleged that could establish that any correctional officials prevented timely pursuit of administrative relief with respect to the Plaintiff's present claims. Based on a review of the record, especially the Plaintiff's own acknowledgment of non-exhaustion, the Defendants have satisfied their burden under Williams of establishing that Noll's present civil rights claims were not administratively exhausted. It is equally apparent that no one impeded the Plaintiff from filing an initial administrative grievance. Likewise, under the standards announced in Hill, Nyhuis, and Brown, the Plaintiff's argument that it would be futile to even initiate an administrative grievance because inmate grievances are often ignored is not an adequate basis to excuse exhaustion.

Since it is undisputed that the Plaintiff failed to even attempt exhaustion of

his administrative remedies with respect to his present claims and he has not demonstrated any legitimate basis as to why he should be excused from the exhaustion requirement, his present complaint cannot proceed. Defendants' motion to dismiss will be granted. An appropriate Order shall issue.